**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCELLUS ROBERTS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-2314** |
| | : | |
| **AGENT BRIAN SCOTT, *et al.*,** | : | |
| **Defendants.** | : | |

# MEMORANDUM

**YOUNGE, J.** **MAY 29, 2020**

*Pro se* Plaintiff Marcellus Roberts filed this civil action pursuant to 42 U.S.C. § 1983 against the Pennsylvania Board of Probation and Parole ("Board") and Agent Brian Scott. Roberts raises claims based on his recent confinement in a halfway house during the 2019 novel coronavirus pandemic. The Court understands Roberts to be seeking release from the halfway house based on concerns that the facility has not taken sufficient measures to prevent the potential spread of COVID-19, the infectious disease caused by the novel coronavirus. *See generally Hope v. Warden York Cty. Prison*, 956 F.3d 156, 157-58 & n.2 (3d Cir. 2020); *United States v. Raia*, 954 F.3d 594, 596 (3d Cir. 2020). For the following reasons, the Court will grant Roberts leave to proceed *in forma pauperis* and dismiss his Amended Complaint without prejudice to Roberts filing a second amended complaint.[1]

[1] Shortly after submitting his Complaint to the Court, Roberts filed an Amended Complaint based on essentially identical allegations as the initial Complaint. (*See* ECF No. 5.) An amended complaint, once submitted to the Court, serves as the governing pleading in the case because an amended complaint supersedes the prior pleading. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." (internal citations omitted)). Accordingly, the Court will address the allegations of the Amended Complaint because it is the operative pleading in this case.

## I. FACTUAL ALLEGATIONS

Roberts asserts he is a civilly committed detainee currently residing at the Kintock Halfway House in Philadelphia. (ECF No. 5 at 4.) His Amended Complaint is sparse. Roberts alleges that he "was told to go to the halfway house [with] no explanation after being home since January 9th." (*Id.*) Although Roberts does not mention COVID-19 in his Complaint, he alleges that he fears for his life because "there [is] no social distancing and mask[s] are not being worn all the time." (*Id.*) He does not provide any additional details about these allegations.

Roberts indicates that the events giving rise to his claims occurred on April 28, so he has presumably been residing at Kintock since that date. (*Id.* at 5.) The Complaint is silent as to why Roberts was placed in a halfway house. He alleges only that Defendant Scott, who is identified as a parole agent, told Roberts "it[']s out of [his (Scott's)] hands" and that if Roberts failed to report to Kintock, a warrant would issue. (*Id.*) As relief, Roberts seeks release from confinement so that he can care for his wife, who is ill. (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Roberts leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As

Roberts is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Roberts brings his Amended Complaint pursuant to 42 U.S.C. § 1983.[2] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

---

[2] Courts have been grappling with whether a civil rights complaint pursuant to § 1983 or a petition for a writ of habeas corpus pursuant to 28 U.S.C § 2241 is the more appropriate vehicle for pursuing release from confinement due to COVID-19. Several courts have concluded that claims raised by detainees seeking release in connection with COVID-19 are cognizable under § 2241. *See, e.g.*, *Cameron v. Bouchard*, Civ. A. No. 20-10949, 2020 WL 2569868, at *13 (E.D. Mich. May 21, 2020) ("[T]he Court concludes that § 2241 is the proper vehicle for Plaintiffs to challenge the continued confinement of medically-vulnerable Jail inmates during the COVID-19 pandemic."), *on reconsideration in part*, 2020 WL 2615740 (E.D. Mich. May 22, 2020); *Cristian A.R. v. Decker*, Civ. A. No. 20-3600, 2020 WL 2092616, at *8 (D.N.J. Apr. 12, 2020) ("[T]his Court finds that Petitioners may challenge their conditions of confinement through a 28 U.S.C. § 2241 petition for writ of habeas corpus."); *Camacho Lopez v. Lowe*, Civ. A. No. 20-563, 2020 WL 1689874, at *5 (M.D. Pa. Apr. 7, 2020), *as amended*, 2020 WL 1812445 (M.D. Pa. Apr. 9, 2020) ("[W]e conclude that certain extraordinary conditions of confinement may warrant a habeas remedy."); *Coreas v. Bounds*, Civ. A. No. 20-780, 2020 WL 1663133, at *7 (D. Md. Apr. 3, 2020) ("[T]his Court concludes, consistent with the positions of several circuits, that a claim by an immigration detainee seeking release because of unconstitutional conditions or treatment is cognizable under § 2241."); *Basank v. Decker*, Civ. A. No. 20-2518, 2020 WL 1481503, at *4 (S.D.N.Y. Mar. 26, 2020) ("An application for habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for an inmate in federal custody to challenge conditions or actions that pose a threat to his medical wellbeing."). *But see Sanchez v. Brown,* Civ. A. No. 20-832, 2020 WL 2615931, at *12 (N.D. Tex. May 22, 2020) (where plaintiffs sought "release due to the conditions at the jail cause[d] by COVID-19" the Court "conclude[d] it lacks jurisdiction over Plaintiffs' habeas action"); *Seth v. McDonough*, Civ. A. No. 20-1028, 2020 WL 2571168, at *8-*9 (D. Md. May 21, 2020) (claims challenging conditions of confinement in the context of COVID were not challenges to the fact of confinement for purposes of § 2241).

As Roberts pursues his claims under § 1983, the Court need not address whether § 2241 also provides a remedy here. *See Money v. Pritzker*, Civ. A. No. 20-2093, 2020 WL 1820660, at *8 (N.D. Ill. Apr. 10, 2020) ("[T]he question remains, is it even proper to bring a Section 1983 action and a petition for writ of habeas corpus at the same time on the same facts seeking the same remedy? As explained below, the answer (though not without doubt) seems to be yes."). If Roberts intended to challenge his detention based on something other than the conditions of his confinement, the basis for that challenge is not clear from his Amended Complaint. In any event, claims challenging the fact or duration of physical imprisonment and seeking release from confinement must be raised in a petition for a writ of habeas corpus. *See generally Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). As discussed below, the Amended Complaint as pled fails to state a plausible claim for relief against the named Defendants under § 1983.

**A. Claims Against the Board**

Roberts cannot state a plausible claim against the Board because the Board is not subject to suit under § 1983. The Board, as part of the Commonwealth, is entitled to Eleventh Amendment immunity and, in any event, is not considered a "person" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *see also Keller v. PA Bd. of Prob. & Parole*, 240 F. App'x 477, 479 (3d Cir. 2007) (per curiam) ("The District Court also properly dismissed Keller's claims against the Parole Board, as those claims were likewise barred by the Eleventh Amendment."). Accordingly, the Court will dismiss any claims against the Board with prejudice because amendment of those claims would be futile.

**B. Claims Against Agent Scott**

Roberts has also failed to state a claim against Agent Scott. "[P]ersonal involvement of each defendant is a prerequisite to liability in § 1983 cases." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 291 (3d Cir. 2018). Liberally construing the Amended Complaint, the Court understands the thrust of Roberts's claims to be that the conditions of his confinement at Kintock are unconstitutional because of potentially inadequate measures taken to address the risk of exposure to or spread of COVID-19. However, nothing in the Complaint alleges that Agent Scott is responsible for the conditions in question. Indeed, it unclear how a parole agent would be responsible for the conditions of confinement at a halfway house, including any response to medical concerns raised by a pandemic.

Agent Scott is alleged only to have communicated to Roberts that Roberts was required to report to Kintock. (ECF No. 5 at 5.) That allegation alone does not provide a plausible inference that Scott violated Roberts's rights in connection with his placement at Kintock. Accordingly, the Court will dismiss Roberts's claims against Agent Scott.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Roberts leave to proceed *in forma pauperis* and dismiss his Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Roberts's claims against the Board will be dismissed with prejudice. The remainder of his claims are dismissed without prejudice to Roberts filing a second amended complaint in the event he can allege a plausible basis for a claim against Scott, or an appropriate defendant responsible for the challenged conditions.

Although Roberts's claims fail as pled, the Court does not intend to minimize the seriousness of COVID-19. *See Coronel v. Decker*, Civ. A. No. 20-2472, 2020 WL 1487274, at *4 (S.D.N.Y. Mar. 27, 2020) ("Numerous Courts[] . . . have recognized the unprecedented threat COVID-19 poses to detained individuals."). However, to proceed past screening, even in this context, Roberts must allege sufficient facts to state a plausible claim for relief against the named Defendants. If he chooses to file a second amended complaint, Roberts is reminded that in accordance with pleading standards, he must include clear, specific factual allegations about the conditions at Kintock to state a constitutional claim. *See Shamadovich v. Decker*, Civ. A. No. 20-3118, 2020 WL 2731966, at *8 (S.D.N.Y. May 26, 2020) (observing that cases in which "detainees successfully demonstrated that they were being confined under conditions that pose a substantial risk to their health" involved findings "based on the fact that the detainee's specific health conditions put him at a heightened risk for health complications if exposed to COVID-

19"); *Geovani M.-O. v. Decker*, Civ. A. No. 20-5053, 2020 WL 2511428, at *6 (D.N.J. May 15, 2020) ("In the emerging case law that has developed within this district, courts have emphasized certain key factors in determining whether an immigration detainee's conditions of confinement amount to punishment during the current pandemic: namely, the detainee's health and the specific conditions at the facility at which he is detained."); *Cristian R. v. Decker*, Civ. A. No. 19-20861, 2020 WL 2029336, at *2 (D.N.J. Apr. 28, 2020) (internal citations omitted) (observing that, in the COVID-19 context, "many courts have found that insufficient jail action in light of the virus can serve as a basis for release under these types of claims, while many others have found that, where the jail takes adequate precautions in light of a given petitioner's medical history, no such relief is warranted."); *Sacal-Micha v. Longoria*, Civ. A. No. 20-37, 2020 WL 1518861, at *5 (S.D. Tex. Mar. 27, 2020) (noting the "fact-specific nature" of the analysis in the COVID-19 context and citing cases).

An Order follows that provides further instruction regarding amendment.

**BY THE COURT:**

**/s/ John Milton Younge**

**JOHN M. YOUNGE, J.**