## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCELLUS ROBERTS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-2314** |
| | : | |
| **AGENT BRIAN SCOTT,** *et al.*, | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

AND NOW, this 29th day of May, 2020, upon consideration of Plaintiff Marcellus

Roberts's Motion to Proceed *In Forma Pauperis* (ECF No. 4), and Amended Complaint (ECF

No. 5), which is the governing pleading in this case, it is **ORDERED** that:

1.  Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2.  The Amended Complaint is **DEEMED** filed.

3.  The Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii) for the reasons in the Court's Memorandum as follows:

    a.  Roberts's claims against Defendant PA Board Probation & Parole are

        **DISMISSED WITH PREJUDICE**.

    b.  Roberts's claims against Defendant Agent Brian Scott are **DISMISSED**

        **WITHOUT PREJUDICE**.

4.  Roberts may file a second amended complaint within thirty (30) days of the date

of this Order in the event he can state a plausible claim against Scott or another appropriate

defendant or defendants.  Any second amended complaint must identify all defendants in the

caption of the second amended complaint in addition to identifying them in the body of the

second amended complaint and shall clearly state the basis for Roberts's claims against each

defendant.  The second amended complaint shall be a complete document that does not rely on

the Complaint, Amended Complaint, or other papers filed in this case to state a claim.  When

drafting his second amended complaint, Roberts should be mindful of the Court's reasons for

dismissing the claims in his Amended Complaint as explained in the Court's Memorandum.

Upon the filing of a second amended complaint, the Clerk shall not make service until so

**ORDERED** by the Court.

     5.     Roberts may use the Court's standard form complaint to be used by a self-

represented litigant filing a civil rights action to file his second amended complaint if he chooses

to do so.  This form is available on the Court's website,

https://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf  Roberts is reminded to include

the civil action number for this case, 20-2314, on his second amended complaint before

submitting it to the Court.

     6.     If Roberts does not wish to file a second amended complaint and instead intends

to stand on his Amended Complaint as pled, he may file a notice with the Court within thirty

(30) days of the date of this Order stating that intent, at which time the Court will issue a final

order dismissing the case.  Any such notice should be titled "Notice to Stand on Amended

Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*,

939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an

appropriate notice with the district court asserting his intent to stand on the complaint, at which

time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*,

532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d

Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with

prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those

claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7.   If Roberts fails to file any response to this Order, the Court will conclude that Roberts intends to stand on his Amended Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

  **/s/ John Milton Younge**

  **JOHN M. YOUNGE, J.**

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint.  *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, — F. App'x —, 2020 WL 1487691, at *1 n.1 (3d Cir. Mar. 25, 2020).  Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading.  *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).